UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MATTHEW J. SHERVEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-00451 (UNA) |
| | ) | |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the court for initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, it dismisses the complaint, and this case, without prejudice, for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

Plaintiff, a resident of Mount Horeb, Wisconsin, sues the Central Intelligence Agency ("CIA") for alleged deprivation of his constitutional rights. *See* Compl. at 1–2. He alleges that the CIA's Office of Inspector General ("OIG") has failed to comply with its statutory requirements, under Title 5 of the United States Code, to make its semi-annual reports available on its website, or to provide a link on its website to report fraud, waste, and abuse. *See* Compl. at 2–3 (citing 5 U.S.C. § 420). He demands that the court order CIA's OIG to comply with these purported requirements. *See id*. at 3.

First, to the contrary of plaintiff's assertions, the CIA's OIG is expressly statutorily exempt from the informational reporting requirements cited by plaintiff. *See* 5 U.S.C. § 415(a)(2)(D).

Second, assuming *arguendo* plaintiff had stated a cognizable claim, § 1983 does not apply to federal agencies or actors, *see Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), and plaintiff does not establish that the United States has "consented to be sued for monetary damages based on a constitutional violation or, in other words, for a *Bivens*-type cause of action directly against a federal agency[,]" *Mullen v. BOP*, 843 F. Supp. 2d 112, 116 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (internal quotation marks and other citations omitted)).  Indeed, it is completely unclear which, if any, fundamental rights were implicated.  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a" constitutional deprivation.  *See Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).

Finally, even if this matter could be plausibly construed as a *Bivens* action, *Bivens* provides *only* for the recovery of monetary damages from a defendant sued in their individual capacity. *See Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("Both *Bivens* and § 1983 allow a plaintiff to seek money damages from government officials who have violated [constitutional] rights."); *Davis v. Passman*, 442 U.S. 228, 245 (1979) (under *Bivens*, "it is damages or nothing.") (citation and internal quotation marks omitted); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages . . . If the [ ] defendant is found liable, he becomes personally responsible for satisfying the judgment[.]").  Here, plaintiff has not filed an individual capacity suit against any federal official, and he has demanded only equitable relief.

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge